# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ARKANSAS TEACHER RETIREMENT
SYSTEM, THE CITY OF BRISTOL
PENSION FUND, and THE CITY OF
OMAHA POLICE AND FIRE RETIREMENT
SYSTEM, on behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

INSULET CORPORATION, DUANE
DESISTO, ALLISON DORVAL, BRIAN
ROBERTS, and CHARLES LIAMOS,

Defendants.

Civil Action No. 15-12345-MLW

**[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT AND
PROVIDING FOR NOTICE**

---

WHEREAS, a class action is pending in this Court entitled *Arkansas Teacher Retirement Sys. et al. v. Insulet Corp., et al.*, Case No. 1:15-cv-12345-MLW (the "Litigation");

WHEREAS, (a) Lead Plaintiffs Arkansas Teacher Retirement System, the City of Bristol Pension Fund, and the City of Omaha Police & Fire Retirement System, on behalf of themselves and the Settlement Class (defined below), and (b) defendant Insulet Corporation ("Insulet"), and defendants Duane DeSisto, Allison Dorval, Brian Roberts and Charles Liamos (collectively, the "Individual Defendants," and together Insulet, "Defendants," and together with Lead Plaintiffs, the "Parties") have agreed to settle all claims asserted against Defendants in this Litigation with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated February 8, 2018 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

the Stipulation, preliminarily certifying the Settlement Class for purposes of the Settlement only, and directing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the proposed Settlement, a settlement class consisting of all Persons who purchased Insulet common stock during the period of May 7, 2013 through April 30, 2015, inclusive (the "Settlement Class Period") and were damaged thereby.  Excluded from the Settlement Class are: (a) Defendants and any parent, subsidiary or affiliate of Insulet; (b) the officers and directors of Insulet and its affiliates, currently and during the Settlement Class Period; (c) Immediate Family Members of any Individual Defendant; (d) any entity in which any Defendant has or had during the Settlement Class Period a controlling interest; and (e) the legal representatives, heirs, successors or assigns of any such excluded person or entity.  Also excluded from the Settlement Class is each Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Litigation, the Court preliminarily finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure

has been met:  (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs in the Litigation are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any individual questions; and (f) a class action is superior to other available methods for the fair and efficient disposition of the Litigation.

3.      The Court hereby preliminarily finds and concludes that pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, for purposes of the Settlement.

4.      **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. in Courtroom 10 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by

the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses (including Lead Plaintiffs' Cost and Expense Award) should be approved; (e) to determine whether to grant final certification of the Settlement Class for purposes of the Settlement; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **CAFA Notice** – Defendants are required to serve upon the appropriate state official of each state in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

8.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Analytics Consulting LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, Insulet shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its shareholder lists (consisting of names and addresses) of the holders of the Insulet common stock during the Settlement Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Insulet or in the records which Insulet caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as

5

Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.    **Nominee Procedures** – Brokers and other nominees who purchased Insulet common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit, or cause to be completed and submitted, a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have

submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Claimant must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.      Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:   *Insulet Corp. Securities Litigation*, EXCLUSIONS, c/o Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Insulet Corp. Securities Litigation*, Civil Action No. 15-12345-MLW"; (iii) state the number of shares of Insulet common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on May 7, 2013, and (B) purchased and/or sold during the Settlement Class Period, as well as the number of shares, dates and prices for each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A person or entity that requests exclusion from the Settlement Class may also be required to provide copies of documentation of his, her or its holdings and transactions in Insulet common stock if requested by Lead Counsel or the Claims Administrator. A request for exclusion shall not be effective unless it provides all the information required under this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

15.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Litigation, including, but not limited to, the Judgment, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file with the Clerk of Court a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of litigation expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|          **Lead Counsel**          |          **Defendants' Counsel**          |
| :--------------------------------: | :---------------------------------------: |
| Bernstein Litowitz Berger & Grossmann LLP | Goodwin Procter LLP |
| James A. Harrod, Esq. | Caroline H. Bullerjahn, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 100 Northern Avenue |
| New York, NY  10020 | Boston, MA 02210 |

Scott+Scott Attorneys at Law, LLP
William C. Fredericks, Esq.
230 Park Avenue, 17th Floor
New York, NY  10169

19.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's

attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Insulet common stock that the objector (i) owned as of the opening of trading on May 7, 2013, and (ii) purchased and/or sold during the Settlement Class Period, as well as the number of shares, dates and prices for each such purchase and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and litigation expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and litigation expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons.

22.     **Settlement Administration Fees and Expenses** – All Notice and Administration Expenses (as defined in Paragraph 1.25 of the Stipulation) up to Three Hundred Thousand Dollars ($300,000.00) shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, Paragraph 6.3 of the Stipulation shall govern, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Litigation as of December 14, 2017, as provided in the Stipulation.

26.     **Use of this Order** – This Order, the Stipulation, whether or not it is consummated, and any of its provisions, any negotiations, proceedings or agreements relating to

the Stipulation or the Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) shall not be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Defendant Persons; (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released Defendant Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) shall not be deemed to be or used as an admission of, or evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and (d) shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.    Defendants are responsible for funding the Settlement Amount as set forth in the Stipulation, however neither Defendants nor any of the Released Defendant Persons shall have

any responsibility for or liability with respect to the Plan of Allocation, any application for attorneys' fees or expenses submitted by Lead Counsel, or any application for Lead Plaintiffs' reimbursement of costs and expenses (including lost wages) directly related to its representation of the Settlement Class, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

29.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.


_____
The Honorable Mark L. Wolf
United States District Judge

# Exhibit 1

Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, THE CITY OF BRISTOL PENSION FUND, and THE CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSULET CORPORATION, DUANE DESISTO, ALLISON DORVAL, BRIAN ROBERTS, and CHARLES LIAMOS,<br><br>Defendants. | Civil Action No. 15-12345-MLW |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"), if you purchased shares of the common stock of Insulet Corp. ("Insulet") during the period beginning on May 7, 2013 through and including April 30, 2015 (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Arkansas Teacher Retirement System, the City of Bristol Pension Fund, and the City of Omaha Police & Fire Retirement System ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $19,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 8, 2018 (the "Stipulation"), which is available at www.InsuletSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Insulet, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 84 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Insulet, together with defendants Duane DeSisto, Allison Dorval, Brian Roberts and Charles Liamos (collectively, the "Individual Defendants," and, together with Insulet, the "Defendants") violated the federal securities laws by making false and misleading statements regarding Insulet. A more detailed description of the Action is set forth in ¶¶ 11-25 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 26 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $19,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any interest earned thereon (the "Settlement Fund") and less (a) any Taxes, (b) any Notice and Administration Expenses, (c) any award by the Court to Plaintiffs' Counsel's for their requested attorneys' fees and expenses with interest thereon, and (d) any award of reimbursement to Lead Plaintiffs for their reasonable costs and expenses) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation ("Plan of Allocation"), which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class, is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Insulet common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.47. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Insulet common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**   Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.   Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Scott+Scott Attorneys at Law, LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.   In addition, Lead Counsel will apply for reimbursement of litigation expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $600,000, which will include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.   Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.   The estimate of the average cost per affected share of Insulet common stock, if the Court approves Lead Counsel's fee and expense application, is $0.13 per share.

6.  **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by James A. Harrod, Esq., of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, blbg@blbglaw.com, and William C. Fredericks, Esq., Scott+Scott Attorneys at Law, LLP, 230 Park Avenue, 17th Floor, New York, NY 10169, (800) 404-7770, scottcases@scott-scott.com.

7.  **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the significant risks and delays inherent in further litigation.   In particular, the substantial cash benefit provided under the Settlement was considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested summary judgment motions, a trial of the Action and the likely appeals that would follow a trial.   This process could be expected to last several years.   Defendants, who deny all allegations of wrongdoing or liability whatsoever, have stated that they are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you may have against Defendants and the other Released Defendant Persons (defined in ¶ 36 below). |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you exclude yourself from the Settlement Class ("opt-out"), you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Persons concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of litigation expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2018 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of litigation expenses.  If you submit a written objection, you may (but do not have to) attend the hearing or seek to speak in Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .......................................... Page __
What Is This Case About? ............................................ Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class? ............ Page __
What Are Lead Plaintiffs' Reasons For The Settlement? ......... Page __
What Might Happen If There Were No Settlement? .............. Page __
How Are Settlement Class Members Affected By The Action
    And The Settlement? ......................................... Page __
How Do I Participate In The Settlement?  What Do I Need To Do? ... Page __
How Much Will My Payment Be? ................................... Page __
What Payment Are The Attorneys For The Settlement Class Seeking?

How Will The Lawyers Be Paid?                                              Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                               Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                            Page __
What If I Bought Shares On Someone Else's Behalf?                          Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?      Page __

## WHY DID I GET THIS NOTICE?

8.    The Court has directed that this Notice be mailed to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Insulet common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to an explanation of how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and proposed Plan of Allocation (or some other plan of allocation), the Court-appointed Claims Administrator (Analytics Consulting LLC) will make payments to Authorized Claimants pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how, if you wish to do so, you can exclude yourself from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses.  *See* ¶ 75 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim or defenses in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    Insulet is principally a manufacturer of insulin infusion pumps that are used to treat people with diabetes. Its stock trades on the NASDAQ stock exchange under the ticker symbol "PODD."

12.    On June 16, 2015, Arkansas Teacher Retirement System filed a securities class action complaint in the United States District Court for the District of Massachusetts (the "Court"), titled *Arkansas Teacher Retirement Sys. et al. v. Insulet Corp. et al.*, Case 1:15-cv-12345-MLW

(D. Mass.), alleging violations of federal securities laws against Insulet and the Individual Defendants.

13.    By Order dated March 31, 2016, the Court (the Hon. Mark L. Wolf) appointed Arkansas Teacher Retirement System, the City of Bristol Pension Fund, and the City of Omaha Police & Fire Retirement System as Lead Plaintiffs for the Action, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Scott+Scott Attorneys at Law, LLP, as Lead Counsel for the proposed class.

14.    On June 1, 2016, Lead Plaintiffs filed and served their Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting fraud claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Insulet and the Individual Defendants, consisting of Duane DeSisto (Insulet's former Chief Executive Officer, President and Director); Charles Liamos (Insulet's former Director and Chief Operating Officer); Brian Roberts (Insulet's former Chief Financial Officer ("CFO")); and Allison Dorval (Insulet's former CFO who succeeded Mr. Roberts).    The Complaint also asserted related "control person" liability claims against the Individual Defendants under Section 20(a) of the Exchange Act.    Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Insulet's business, including with respect to the launch of its new flagship product, the Omnipod Eros ("Eros"), the underlying demand for the Eros, and the nature and extent of alleged Eros-related manufacturing problems.    The Complaint further alleged that the price of Insulet common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

15.    Defendants have contested, and continue to deny, Lead Plaintiffs' allegations or that they engaged in any wrongdoing whatsoever.

16.    On August 1, 2016, Defendants served a motion to dismiss the Complaint.    On September 16, 2016, Lead Plaintiffs served their memorandum of law in opposition to this motion, and Defendants served their reply papers on October 17, 2016.    The Court heard oral argument on Defendants' motion to dismiss on March 16, 2017.

17.    On March 16, 2017, the Court issued its decision from the bench denying Defendants' motion to dismiss the Complaint, and entered an order reflecting that decision.

18.    On May 30, 2017, Defendants filed and served their Answer to the Complaint.

19.    Discovery in the Action commenced in April 2017.    Defendants and more than two dozen third parties produced a total of more than 130,000 pages of documents (exclusive of voluminous files of computerized data) in response to Lead Plaintiffs' Requests for Production of Documents and third-party subpoenas.    In addition, Plaintiffs served, and Defendants responded to, two sets of interrogatories.    Discovery was often contentious, with Lead Plaintiffs exchanging numerous letters and participating in multiple "meet and confers" with Defendants concerning the nature and extent of discovery to be produced, including the electronic search terms that Defendants ultimately agreed to use in connection with searching their computer systems for relevant emails and other electronically stored documents.

20.    On August 25, 2017 Lead Plaintiffs filed their motion for class certification.    In connection with that motion, Lead Plaintiffs retained and worked with Prof. Steven P. Feinstein,

Ph.D., CFA, who provided an expert report to the Court on market efficiency and common damages methodologies.

21.   In connection with Lead Plaintiffs' motion for class certification, Defendants deposed a representative of each of the Lead Plaintiffs and several of Lead Plaintiffs' investment advisors, and also deposed Lead Plaintiffs' expert, Prof. Feinstein, concerning his analysis of market efficiency and damages methodologies.

22.   After discovery had commenced, the Parties agreed to engage in private mediation in an attempt to resolve the Action, and retained David Geronemus, Esq. of JAMS (a highly experienced mediator of complex actions, including securities class actions) to act as Mediator. After preparing and exchanging detailed mediation statements that addressed issues of both liability and damages, on July 20, 2017, Lead Counsel and Defendants' Counsel (together with additional representatives from Insulet and Lead Plaintiffs) participated in a lengthy, in-person mediation session before Mr. Geronemus in New York.  However, this session ended without any agreement being reached, and with the parties far apart.

23.   Following the July 20, 2017 mediation, the Parties continued to engage in discussions to resolve the case, which included both the exchange of further bids and offers, which were frequently accompanied by exchanges of supplemental mediation letter-briefs addressing in greater detail particular points (and counterpoints) relating to issues of both liability and damages that, at various times, had become the focus of contention during the mediation process. Accordingly, it was only after months of additional negotiations, on November 27, 2017, that the Parties (with the assistance of the Mediator) were able to reach an agreement in principle to settle and release all claims asserted against Defendants for a payment of $19,500,000 for the benefit of the Settlement Class.  A written term sheet memorializing these and other terms of the parties' agreement was signed on December 14, 2017.

24.   On February 8, 2018, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the final and complete terms and conditions of the Settlement (and supersedes the December 2017 term sheet).  The Stipulation can be viewed at www.InsuletSecuritiesLitigation.com.

25.   On _____, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

26.   If you are a member of the Settlement Class you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All Persons who purchased Insulet common stock during the period commencing on May 7, 2013 through April 30, 2015, inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants and any parent, subsidiary or affiliate of Insulet; (ii) the officers and directors of Insulet and its affiliates, currently and during the Settlement Class Period; (iii) Immediate Family Members of any Individual Defendant; (iv) any

entity in which any Defendant has or had during the Settlement Class Period a controlling interest; and (v) the legal representatives, heirs, successors or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those persons and entities who exclude themselves by submitting a request for exclusion from the Settlement Class in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page __ below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES *NOT* MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU MUST SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE -- TOGETHER WITH THE REQUIRED SUPPORTING DOCUMENTATION AS DESCRIBED IN THAT FORM -- TO THE CLAIMS ADMINISTRATOR SO THAT IT IS POSTMARKED NO LATER THAN _____, 2018.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

27. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, that continuing the litigation through trial and likely appeals would be expensive and potentially take additional years to resolve, and would involve the very substantial risk that Lead Plaintiffs would be unable to establish that Defendants were liable, or that Defendants (even if they were liable) had caused the Settlement Class to suffer legally recoverable damages. For example, Defendants would argue that they did not make any false or misleading statements about the Eros launch, asserting that the underlying demand for the Eros increased and any manufacturing issues were resolved and not out of the ordinary. Defendants would also contend that they did not act with any *scienter* or intent to defraud, pointing to, among other things, their Settlement Class Period disclosures regarding Insulet's difficulties with the Eros launch, including certain manufacturing and capacity issues. Finally, Defendants would contend that Lead Plaintiffs cannot establish that the alleged misstatements caused any damages to members of the class because the negative disclosures resulting in drops in Insulet's stock price do not relate to Defendants' alleged misrepresentations and there are no damages associated with other negative disclosures. Moreover, Lead Plaintiffs would have to prevail at several stages, including at class certification, at summary judgment and at trial, and even if they prevailed at those stages Lead Plaintiffs would still have faced the risks of having to prevail on the appeals that would likely follow any successful result at trial. Thus, continued prosecution of the Action would involve significant risks and potentially years of further litigation.

28. In light of these risks, the size of the proposed Settlement and the benefits of an immediate recovery for the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. In sum, Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $19,500,000 in cash (less the deductions described in this Notice), as compared to the risk that further litigation, which could last years

into the future, would ultimately produce a smaller recovery (or no recovery at all) after summary judgment, trial and appeals.

29.   Defendants deny the claims asserted against them and deny having engaged in any wrongdoing or violation of law of any kind.  Defendants state that they have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement does not constitute an admission and may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants succeeded in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could well recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page __ below.

32.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page __ below.

33.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and if you do not exclude yourself from the Settlement Class, you may submit your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page __ below.

34.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether any such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a

Claim Form, any distribution from the Settlement Fund, will have fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims (as defined in ¶ 35 below) against the Released Defendant Persons (as defined in ¶ 36 below), and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons; provided, however, that nothing therein shall bar any action or claim to enforce the terms of the Settlement or the Judgment.

35.   "Released Plaintiffs' Claims" means all claims, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, including Unknown Claims, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint or any other complaints previously filed in the Litigation, or (b) could have asserted in any forum that arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any other complaints previously filed in the Litigation, and that relate to the purchase of Insulet common stock during the Settlement Class Period.  Notwithstanding any other language herein to the contrary, Released Plaintiffs' Claims shall not include any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto, or any claims asserted at the time the Stipulation was executed in any shareholder derivative complaint, including *Walker v. DeSisto, et al.*, Civ. A. No. 17-19738-MLW (D. Mass.) and *Carnazza v. DeSisto, et al.*, Civ. A. No. 17-11977-MLW (D. Mass.).

36.   "Released Defendant Person(s)" means each and all of the Defendants, any past defendants in the Litigation, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

37.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment, shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542.  Lead Plaintiffs, Defendants, and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.   The Judgment will also provide that, upon the Effective Date of the Settlement, each of the Defendants, and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, will have fully, finally and forever released, relinquished, and discharged all Released Defendants' Claims (as defined in ¶ 39 below) against the Released Plaintiff Persons (as defined in ¶ 40 below), and shall have covenanted not to sue the Released Plaintiff Persons with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons; provided, however, that nothing therein shall bar any action or claim to enforce the terms of the Settlement or the Judgment.

39.   "Released Defendants' Claims" means any and all claims, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, including Unknown Claims, arising out of, relating to, or in connection with, the institution, prosecution, or settlement of the Litigation or the Released Plaintiffs' Claims.  Notwithstanding any other language herein to the contrary, Released Defendants' Claims shall not include any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto

40.   "Released Plaintiff Person(s)" means each and all of the Lead Plaintiffs, Plaintiffs' Counsel, all Settlement Class Members, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors,

principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with all required information identified in the instructions to the Claim Form (including adequate supporting documentation) **postmarked no later than _____, 2018**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.InsuletSecutitiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 844-327-3154.  Please retain all records of your ownership of and transactions in Insulet common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

43.   Pursuant to the Settlement, Insulet, on behalf of all Defendants, has agreed to pay or cause to be paid nineteen million five hundred thousand dollars ($19,500,000) in cash into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and related tax preparation costs (including expenses of tax attorneys and accountants); (b) the costs and expenses related to providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any award by the Court to Plaintiffs' Counsel of attorneys' fees and expenses with interest thereon; and (d) any award to Lead Plaintiffs for their reasonable costs and expenses) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the Plan of Allocation or such other plan of allocation as the Court may approve.

44.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

45.   Neither Defendants nor any other person or entity that pays any portion of the Settlement Amount on their behalf will be entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or any plan of allocation.

46.   Approval of the Settlement is separate from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member will release all of their Released Plaintiffs' Claims (as defined in ¶ 35 above) against the Released Defendant Persons (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any Released Plaintiffs' Claims against any of the Released Defendant Persons regardless of whether such Settlement Class Member submits a Claim Form.

48.   Participants in and beneficiaries of any Insulet employee retirement and/or benefit plan ("Insulet Employee Plan") should NOT include any information relating to any Insulet common stock purchased, acquired or held through a Insulet Employee Plan in any Claim Form that they submit in this Action.   Claims based on any Insulet Employee Plan's purchases of Insulet common stock during the Settlement Class Period may be made by the trustees of such Plan.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Insulet Employee Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Plan.

49.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

50.   Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that request to exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

51.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.   The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

52.   In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of Insulet common stock that was allegedly proximately caused by Defendants' alleged false and misleading statements and material omissions.   In calculating the estimated artificial inflation allegedly caused by the alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered the price changes in Insulet common stock that occurred on (a) January 8, 2015, (b) January 15, 2015, (c) February 27, 2015, (d) March 31, 2015, and (e) May 1, 2015 following public announcements that Lead Plaintiffs alleged revealed the truth concerning Defendants' alleged misrepresentations and

13

material omissions, adjusting for price changes on those days that were attributable to market or industry forces. Because Defendants had certain additional arguments that challenged Lead Plaintiffs' ability to establish loss causation with respect to price declines that occurred on the dates identified above as (c)-(e), which additional arguments did not exist with respect disclosures (a)-(b), the amount of estimated inflation deemed to have been dissipated on dates caused by disclosures (c)-(e) was then discounted by 50% to reflect the higher degree of risk associated with proving loss causation with those latter disclosures.

53.     In order to have recoverable damages under the claims asserted in this litigation, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Insulet common stock. Lead Plaintiffs alleged that corrective disclosures removed artificial inflation from the price of Insulet common stock on January 8, 2015, January 15, 2015, February 27, 2015, March 31, 2015, and May 1, 2015. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation:

>       (a)     Insulet common stock purchased from May 7, 2013 through and including January 7, 2015 must have been held at least through the close of trading on January 7, 2015, the day of the first alleged corrective disclosure, and must have resulted in a loss.

>       (b)     Insulet common stock purchased from January 8, 2015 through April 30, 2015 must have been held through at least the close of trading on the day prior to the next date on which one of the alleged corrective disclosures allegedly removed artificial inflation from the price of Insulet common stock (e.g., shares purchased on January 8, 2015 must have been held at least through the close of trading on January 14, 2015), and must have resulted in a loss.

54.     To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

55.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase of Insulet common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

56.     For each such share of Insulet common stock purchased from May 7, 2013 through April 30, 2015, inclusive, and:

>       (a)     sold on or before January 7, 2015, the Recognized Loss Amount is $0;

>       (b)     sold from January 8, 2015 through April 30, 2015, the Recognized Loss Amount is **the lesser of**: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase *minus* the amount of artificial inflation per share as set forth in Table A on the date of the sale; or (ii) the purchase price *minus* the sale price.

14

    (c)     sold from May 1, 2015 through July 29, 2015, inclusive, the Recognized Loss Amount is ***the least of***: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between May 1, 2015 and the date of sale as shown on Table B set forth at the end of this Notice.

    (d)     held as of the close of trading on July 29, 2015, the Recognized Loss Amount is ***the lesser of***: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; or (ii) the purchase price *minus* $29.59 per share, the average closing price for Insulet common stock between May 1, 2015 and July 29, 2015 (the last entry on Table B).

## ADDITIONAL PROVISIONS

57.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 60 below) is $10.00 or greater.

58.    If a Settlement Class Member has more than one purchase or sale of Insulet common stock, all purchases and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period. The only shares that are eligible for recovery and for which a Recognized Loss Amount will be calculated are those purchased during the Settlement Class Period. Gains or losses on sales of shares held as of the start of the Settlement Class Period are not factored into the calculation of the Recognized Loss Amounts.

59.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all purchases of Insulet common stock during the Settlement Class Period.

60.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

61.    Purchases and sales of Insulet common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Insulet common stock during the Settlement Class Period shall not be deemed a purchase or sale of Insulet common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of any Insulet common stock unless (i) the donor or decedent purchased the shares during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

62.    The date of covering a "short sale" is deemed to be the date of purchase of the Insulet common stock.  The date of a "short sale" is deemed to be the date of sale of the Insulet common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Insulet common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

63.    Option contracts are not securities eligible to participate in the Settlement.  With respect to Insulet common stock purchased or sold through the exercise of an option, the purchase/sale date of the Insulet common stock is the exercise date of the option and the purchase/sale price of the Insulet common stock is the exercise price of the option.

64.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

65.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[2] and (ii) the sum of the Total Sales Proceeds[3] and Holding Value.[4]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period.

66.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such

---

[2] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Insulet common stock purchased during the Settlement Class Period.

[3] The Claims Administrator shall match any sales of Insulet common stock during the Settlement Class Period, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting commissions and other charges) for the remaining sales of Insulet common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds".

[4] The Claims Administrator shall ascribe a Holding Value to the shares of Insulet common stock purchased during the Settlement Class Period and still held as of the close of trading on April 30, 2015, which shall be $26.97 per share, the May 1, 2015 closing price.

additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

67.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Released Persons, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

68.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.InsuletSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

69.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for any of their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intend to apply for reimbursement of litigation expenses in an amount not to exceed $600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of litigation expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

70.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless they mail or deliver a written Request for

Exclusion from the Settlement Class, addressed to *Insulet Corp. Securities Litigation*, EXCLUSIONS, c/o Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007. The exclusion request must be ***received* no later than _____, 2018**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Insulet Corp. Securities Litigation*, Case No. 15-12345"; (c) state the number of shares of Insulet common stock that the person or entity requesting exclusion (i) owned as of the opening of trading on May 7, 2013, and (ii) purchased and/or sold during the Settlement Class Period (*i.e.*, May 7, 2013 through and including April 30, 2015), as well as the number of shares, dates and prices for each such purchase and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. If you request exclusion, you may also be required to provide copies of documentation of your holdings and transactions in Insulet common stock if requested by Lead Counsel or the Claims Administrator. A Request for Exclusion shall not be valid and effective unless it provides all the information required under this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

71. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Persons.

72. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

73. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Insulet.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

74. **Settlement Class Members do not need to attend the Settlement Hearing.** The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.

75. The Settlement Hearing will be held on _____, 2018 at \_\_:\_\_ \_.m., before the Honorable Mark L. Wolf at the United States District Court for the District of Massachusetts, Courtroom 10 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, MA 02210. More detailed papers in support of Lead Plaintiffs' motion for final approval of the Settlement and approval of the Plan of Allocation and Lead Counsel's motion for fees and reimbursement of litigation expenses will be filed with the Court on _____, 2018 and will be made available thereafter on www.InsuletSecuritiesLitigation.com. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and/or any other matter

18

related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

76.    Any Settlement Class Member that does <u>not</u> request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the Court at the address set forth below on or before _____, 2018.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2018**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| The Clerk of the Court | **Bernstein Litowitz Berger &** | **Goodwin Procter LLP** |
| U.S. District Court | **Grossmann LLP** | Caroline H. Bullerjahn, Esq. |
| United States Courthouse | James A. Harrod, Esq. | 100 Northern Avenue |
| 1 Courthouse Way | 1251 Avenue of the Americas, | Boston, MA 02210 |
| Boston, MA 02210 |     44th Floor | |
| | New York, NY 10020 | |
| | | |
| | **Scott+Scott** | |
| | **   Attorneys at Law, LLP** | |
| | William C. Fredericks, Esq. | |
| | 230 Park Avenue, 17th Floor | |
| | New York, NY  10169 | |

77.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Insulet common stock that the objector (i) owned as of the opening of trading on May 7, 2013, and (ii) purchased and/or sold during the Settlement Class Period (*i.e.*, from May 7, 2013 through April 30, 2015, inclusive), as well as the number of shares, dates and prices for each such purchase and sale. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

78.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

79.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on

Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2018**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

80.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 76 above so that the notice is *received* **on or before _____, 2018**.

81.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

82.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses.**  Settlement Class Members do *not* need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

83.   If you purchased Insulet common stock from May 7, 2013 through April 30, 2015, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Insulet Corp. Securities Litigation*, c/o Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.InsuletSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 844-327-3154.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

84.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the District of Massachusetts, John Joseph

Moakley United States Courthouse, 1 Courthouse Way, Boston, MA 02210.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.InsuletSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Insulet Corp. Securities Litigation*
c/o Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

844-327-3154
www.InsuletSecuritiesLitigation.com

| | | |
|---|---|---|
| James A. Harrod, Esq. | and/or | William C. Fredericks, Esq. |
| BERNSTEIN LITOWITZ BERGER | | SCOTT+SCOTT |
| & GROSSMANN LLP | | ATTORNEYS AT LAW, LLP |
| 1251 Avenue of the Americas, 44th Floor | | 230 Park Avenue, 17th Floor |
| New York, NY 10020 | | New York, NY 10169 |
| 800-380-8496 | | 800-404-7770 |
| blbg@blbglaw.com | | scottcases@scott-scott.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
District of Massachusetts

21

**TABLE A**

**Estimated Artificial Inflation in
Insulet Common Stock from May 7, 2013 through May 1, 2015**

| Date(s) | Artificial Inflation |
|---|---|
| May 7, 2013 through January 7, 2015 | $12.99 |
| January 8, 2015 through January 14, 2015 | $8.23 |
| January 15, 2015 through February 26, 2015 | $2.34 |
| February 27, 2015 through March 30, 2015 | $1.88 |
| March 31, 2015 through April 30, 2015 | $1.725 |
| May 1, 2015 and later | $0.00 |

**TABLE B**

**Closing Price and Average Closing Price of
Insulet Common Stock from May 1, 2015 through July 29, 2015**

| Date | Closing Price | Average Closing Price Between May 1, 2015 and Date Shown | Date | Closing Price | Average Closing Price Between May 1, 2015 and Date Shown |
|---|---|---|---|---|---|
| 5/1/2015 | $26.97 | $26.97 | 6/16/2015 | $30.23 | $28.29 |
| 5/4/2015 | $27.25 | $27.11 | 6/17/2015 | $30.48 | $28.36 |
| 5/5/2015 | $26.41 | $26.88 | 6/18/2015 | $31.31 | $28.44 |
| 5/6/2015 | $26.23 | $26.72 | 6/19/2015 | $31.09 | $28.52 |
| 5/7/2015 | $26.69 | $26.71 | 6/22/2015 | $31.12 | $28.59 |
| 5/8/2015 | $27.16 | $26.79 | 6/23/2015 | $31.04 | $28.66 |
| 5/11/2015 | $26.30 | $26.72 | 6/24/2015 | $30.93 | $28.72 |
| 5/12/2015 | $26.65 | $26.71 | 6/25/2015 | $31.36 | $28.78 |
| 5/13/2015 | $27.37 | $26.78 | 6/26/2015 | $31.85 | $28.86 |
| 5/14/2015 | $27.25 | $26.83 | 6/29/2015 | $30.98 | $28.91 |
| 5/15/2015 | $27.01 | $26.84 | 6/30/2015 | $30.99 | $28.96 |
| 5/18/2015 | $27.85 | $26.93 | 7/1/2015 | $30.02 | $28.99 |
| 5/19/2015 | $28.55 | $27.05 | 7/2/2015 | $29.78 | $29.00 |
| 5/20/2015 | $28.63 | $27.17 | 7/6/2015 | $29.70 | $29.02 |
| 5/21/2015 | $28.52 | $27.26 | 7/7/2015 | $30.27 | $29.05 |
| 5/22/2015 | $28.12 | $27.31 | 7/8/2015 | $29.67 | $29.06 |
| 5/26/2015 | $27.71 | $27.33 | 7/9/2015 | $30.50 | $29.09 |
| 5/27/2015 | $28.06 | $27.37 | 7/10/2015 | $31.26 | $29.13 |
| 5/28/2015 | $27.35 | $27.37 | 7/13/2015 | $32.14 | $29.20 |
| 5/29/2015 | $28.27 | $27.42 | 7/14/2015 | $31.83 | $29.25 |
| 6/1/2015 | $29.02 | $27.49 | 7/15/2015 | $31.46 | $29.29 |
| 6/2/2015 | $29.13 | $27.57 | 7/16/2015 | $31.45 | $29.33 |
| 6/3/2015 | $29.34 | $27.65 | 7/17/2015 | $31.49 | $29.37 |
| 6/4/2015 | $29.27 | $27.71 | 7/20/2015 | $31.51 | $29.41 |
| 6/5/2015 | $29.51 | $27.78 | 7/21/2015 | $31.60 | $29.45 |
| 6/8/2015 | $30.01 | $27.87 | 7/22/2015 | $31.97 | $29.49 |
| 6/9/2015 | $29.82 | $27.94 | 7/23/2015 | $31.56 | $29.53 |
| 6/10/2015 | $30.25 | $28.03 | 7/24/2015 | $30.59 | $29.55 |
| 6/11/2015 | $30.32 | $28.10 | 7/27/2015 | $29.87 | $29.55 |
| 6/12/2015 | $29.91 | $28.16 | 7/28/2015 | $30.62 | $29.57 |
| 6/15/2015 | $30.10 | $28.23 | 7/29/2015 | $30.82 | $29.59 |

# Exhibit 2

**Exhibit 2**

*Insulet Corp. Securities Litigation*
**c/o Analytics Consulting LLC**
**P.O. Box 2007**
**Chanhassen, MN 55317-2007**

**Toll-Free Number:  844-327-3154**
**Email:  info@InsuletSecuritiesLitigation.com**
**Website:  www. InsuletSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked*** **no later than _____, 2018**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN INSULET COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                                         Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                                         Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                                State/Province   Zip Code

Foreign Postal Code (if applicable)                 Foreign Country (if applicable)

Telephone Number (Day)                              Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:
☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership          ☐ Estate             ☐ Trust                ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of, Insulet common stock.  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Insulet common stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only Insulet common stock purchased during the Settlement Class Period (*i.e.*, from May 7, 2013 through April 30, 2015, inclusive) is eligible under the Settlement. However, sales of Insulet common stock during the period from May 1, 2015 through July 29, 2015, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Insulet common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently

have information about your investments in Insulet common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Insulet common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Insulet common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Insulet common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there are joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Insulet common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own or owned the Insulet common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Analytics Consulting LLC, at the above address, by email at info@InsuletSecuritiesLitigation.com, or by toll-free phone at 844-327-3154, or you can visit the website, www.InsuletSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at www.InsuletSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@InsuletSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@InsuletSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT 844-327-3154.**

## PART III – SCHEDULE OF TRANSACTIONS IN INSULET COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.  Do not include information regarding securities other than Insulet common stock.

| | Confirm Proof of Position Enclosed |
|---|---|
| **1.  HOLDINGS AS OF MAY 7, 2013** – State the total number of shares of Insulet common stock held as of the opening of trading on May 7, 2013.  (Must be documented.)  If none, write "zero" or "0." _____ | ○ |

**2.  PURCHASES/ACQUISITIONS FROM MAY 7, 2013 THROUGH APRIL 30, 2015** – Separately list each and every purchase or acquisition (including free receipts) of Insulet common stock from after the opening of trading on May 7, 2013 through the close of trading on April 30, 2015.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS FROM MAY 1, 2015 THROUGH JULY 29, 2015** – State the total number of shares of Insulet common stock purchased or acquired (including free receipts) from after the opening of trading on May 1, 2015 through the close of trading on July 29, 2015.  If none, write "zero" or "0."[1] _____

| **4.  SALES FROM MAY 7, 2013 THROUGH JULY 29, 2015** – Separately list each and every sale or disposition (including free deliveries) of Insulet common stock from after the opening of trading on May 7, 2013 through the close of trading on July 29, 2015.  (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |

---

[1] **Please note**:  Information requested with respect to your purchases and acquisitions of Insulet common stock from May 1, 2015 through and including July 29, 2015 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| **5.  HOLDINGS AS OF JULY 29, 2015 –** State the total number of shares of Insulet common stock held as of the close of trading on July 29, 2015.  (Must be documented.)  If none, write "zero" or "0." | Confirm Proof of Position Enclosed |
| --- | --- |
| _____ | ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Released Defendant Persons, and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

     1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

     2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

     3.      that the claimant(s) did ***not*** submit a request for exclusion from the Settlement Class;

     4.      that I (we) own(ed) the Insulet common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

     5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Insulet common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

     6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

     7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

     8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

     9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                      Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                      Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page ___ of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 844-327-3154.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@InsuletSecuritiesLitigation.com, or by toll-free phone at 844-327-3154, or you may visit www.InsuletSecuritiesLitigation.com.  DO NOT call Insulet, the other Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN _____, 2018**, ADDRESSED AS FOLLOWS:

*Insulet Securities Litigation*
c/o Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

844-327-3154
www.InsuletSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2018 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, THE CITY OF BRISTOL PENSION FUND, and THE CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>INSULET CORPORATION, DUANE DESISTO, ALLISON DORVAL, BRIAN ROBERTS, and CHARLES LIAMOS,<br><br>        Defendants. | Civil Action No. 15-12345-MLW |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:**    **All persons or entities that purchased or acquired shares of Insulet Corp. ("Insulet") common stock from May 7, 2013 through April 30, 2015, both dates inclusive, and that were damaged thereby (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT. YOU MAY BE ELIGIBLE TO PARTICIPATE IN THIS SETTLEMENT.**

       YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts, that the above-captioned litigation (the "Action") has been certified as a class action for Settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III)

Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $19,500,000 in cash (the "Settlement").  If the Settlement is approved, it will resolve all claims in the Action.

A hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Mark L. Wolf in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated February 8, 2018 ("Stipulation") and in the Notice should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.**  If you have not yet received the Notice, which more completely describes the Settlement and your rights thereunder, and Claim Form, you may obtain copies of these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) by contacting the Claims Administrator at *Insulet Corp. Securities Litigation*, c/o Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007, or info@InsuletSecuritiesLitigation.com.  Copies of the Notice, Claim Form, and Stipulation can also be downloaded from the website maintained by the Claims Administrator, www.InsuletSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked no later than _____, 2018.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a timely and valid request for exclusion that is received no later than _____, 2018, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received no later than _____, 2018, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Insulet, any other Defendant, or their counsel, regarding this notice.  All questions about this notice, the proposed Settlement, or**

**your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

Insulet Securities Litigation
c/o Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

844-327-3154
info@InsuletSecuritiesLitigation.com
www.InsuletSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

| | | |
|---|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | | SCOTT+SCOTT ATTORNEYS AT LAW, LLP |
| James A. Harrod, Esq. | or | William C. Fredericks, Esq. |
| 1251 Avenue of the Americas, 44th Floor | | 230 Park Avenue, 17th Floor |
| New York, New York 10020 | | New York, NY  10169 |
| (800) 380-8496 | | (800) 404-7770 |

Dated: _____, 2018

By Order of the Court
United States District Court
District of Massachusetts