# Exhibit A-1

**Exhibit A-1**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, THE CITY OF BRISTOL PENSION FUND, and THE CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSULET CORPORATION, DUANE DESISTO, ALLISON DORVAL, BRIAN ROBERTS, and CHARLES LIAMOS,<br><br>Defendants. | Civil Action No. 15-12345-MLW |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"), if you purchased shares of the common stock of Insulet Corp. ("Insulet") during the period beginning on May 7, 2013 through and including April 30, 2015 (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Arkansas Teacher Retirement System, the City of Bristol Pension Fund, and the City of Omaha Police & Fire Retirement System ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $19,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 8, 2018 (the "Stipulation"), which is available at www.InsuletSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Insulet, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 84 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Insulet, together with defendants Duane DeSisto, Allison Dorval, Brian Roberts and Charles Liamos (collectively, the "Individual Defendants," and, together with Insulet, the "Defendants") violated the federal securities laws by making false and misleading statements regarding Insulet. A more detailed description of the Action is set forth in ¶¶ 11-25 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 26 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $19,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any interest earned thereon (the "Settlement Fund") and less (a) any Taxes, (b) any Notice and Administration Expenses, (c) any award by the Court to Plaintiffs' Counsel's for their requested attorneys' fees and expenses with interest thereon, and (d) any award of reimbursement to Lead Plaintiffs for their reasonable costs and expenses) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation ("Plan of Allocation"), which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class, is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Insulet common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.47. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Insulet common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Scott+Scott Attorneys at Law, LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of litigation expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $600,000, which will include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimate of the average cost per affected share of Insulet common stock, if the Court approves Lead Counsel's fee and expense application, is $0.13 per share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by James A. Harrod, Esq., of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, blbg@blbglaw.com, and William C. Fredericks, Esq., Scott+Scott Attorneys at Law, LLP, 230 Park Avenue, 17th Floor, New York, NY 10169, (800) 404-7770, scottcases@scott-scott.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the significant risks and delays inherent in further litigation. In particular, the substantial cash benefit provided under the Settlement was considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested summary judgment motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have stated that they are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____________, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you may have against Defendants and the other Released Defendant Persons (defined in ¶ 36 below). |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2018.** | If you exclude yourself from the Settlement Class ("opt-out"), you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Persons concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of litigation expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____________, 2018 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2018.** | Filing a written objection and notice of intention to appear by _____________, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of litigation expenses. If you submit a written objection, you may (but do not have to) attend the hearing or seek to speak in Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? Page __
What Is This Case About? Page __
How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Settlement Class? Page __
What Are Lead Plaintiffs' Reasons For The Settlement? Page __
What Might Happen If There Were No Settlement? Page __
How Are Settlement Class Members Affected By The Action
And The Settlement? Page __
How Do I Participate In The Settlement? What Do I Need To Do? Page __
How Much Will My Payment Be? Page __
What Payment Are The Attorneys For The Settlement Class Seeking?

How Will The Lawyers Be Paid?                                                      Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                        Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                      Page __
What If I Bought Shares On Someone Else's Behalf?                                   Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?               Page __

## WHY DID I GET THIS NOTICE?

8.     The Court has directed that this Notice be mailed to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Insulet common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to an explanation of how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and proposed Plan of Allocation (or some other plan of allocation), the Court-appointed Claims Administrator (Analytics Consulting LLC) will make payments to Authorized Claimants pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how, if you wish to do so, you can exclude yourself from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses.  *See* ¶ 75 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim or defenses in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    Insulet is principally a manufacturer of insulin infusion pumps that are used to treat people with diabetes. Its stock trades on the NASDAQ stock exchange under the ticker symbol "PODD."

12.    On June 16, 2015, Arkansas Teacher Retirement System filed a securities class action complaint in the United States District Court for the District of Massachusetts (the "Court"), titled *Arkansas Teacher Retirement Sys. et al. v. Insulet Corp. et al.*, Case 1:15-cv-12345-MLW

(D. Mass.), alleging violations of federal securities laws against Insulet and the Individual Defendants.

13.   By Order dated March 31, 2016, the Court (the Hon. Mark L. Wolf) appointed Arkansas Teacher Retirement System, the City of Bristol Pension Fund, and the City of Omaha Police & Fire Retirement System as Lead Plaintiffs for the Action, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Scott+Scott Attorneys at Law, LLP, as Lead Counsel for the proposed class.

14.   On June 1, 2016, Lead Plaintiffs filed and served their Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting fraud claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Insulet and the Individual Defendants, consisting of Duane DeSisto (Insulet's former Chief Executive Officer, President and Director); Charles Liamos (Insulet's former Director and Chief Operating Officer); Brian Roberts (Insulet's former Chief Financial Officer ("CFO")); and Allison Dorval (Insulet's former CFO who succeeded Mr. Roberts).   The Complaint also asserted related "control person" liability claims against the Individual Defendants under Section 20(a) of the Exchange Act.   Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Insulet's business, including with respect to the launch of its new flagship product, the Omnipod Eros ("Eros"), the underlying demand for the Eros, and the nature and extent of alleged Eros-related manufacturing problems.   The Complaint further alleged that the price of Insulet common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

15.   Defendants have contested, and continue to deny, Lead Plaintiffs' allegations or that they engaged in any wrongdoing whatsoever.

16.   On August 1, 2016, Defendants served a motion to dismiss the Complaint.   On September 16, 2016, Lead Plaintiffs served their memorandum of law in opposition to this motion, and Defendants served their reply papers on October 17, 2016.   The Court heard oral argument on Defendants' motion to dismiss on March 16, 2017.

17.   On March 16, 2017, the Court issued its decision from the bench denying Defendants' motion to dismiss the Complaint, and entered an order reflecting that decision.

18.   On May 30, 2017, Defendants filed and served their Answer to the Complaint.

19.   Discovery in the Action commenced in April 2017.   Defendants and more than two dozen third parties produced a total of more than 130,000 pages of documents (exclusive of voluminous files of computerized data) in response to Lead Plaintiffs' Requests for Production of Documents and third-party subpoenas.   In addition, Plaintiffs served, and Defendants responded to, two sets of interrogatories.   Discovery was often contentious, with Lead Plaintiffs exchanging numerous letters and participating in multiple "meet and confers" with Defendants concerning the nature and extent of discovery to be produced, including the electronic search terms that Defendants ultimately agreed to use in connection with searching their computer systems for relevant emails and other electronically stored documents.

20.   On August 25, 2017 Lead Plaintiffs filed their motion for class certification.   In connection with that motion, Lead Plaintiffs retained and worked with Prof. Steven P. Feinstein,

Ph.D., CFA, who provided an expert report to the Court on market efficiency and common damages methodologies.

21. In connection with Lead Plaintiffs' motion for class certification, Defendants deposed a representative of each of the Lead Plaintiffs and several of Lead Plaintiffs' investment advisors, and also deposed Lead Plaintiffs' expert, Prof. Feinstein, concerning his analysis of market efficiency and damages methodologies.

22. After discovery had commenced, the Parties agreed to engage in private mediation in an attempt to resolve the Action, and retained David Geronemus, Esq. of JAMS (a highly experienced mediator of complex actions, including securities class actions) to act as Mediator. After preparing and exchanging detailed mediation statements that addressed issues of both liability and damages, on July 20, 2017, Lead Counsel and Defendants' Counsel (together with additional representatives from Insulet and Lead Plaintiffs) participated in a lengthy, in-person mediation session before Mr. Geronemus in New York. However, this session ended without any agreement being reached, and with the parties far apart.

23. Following the July 20, 2017 mediation, the Parties continued to engage in discussions to resolve the case, which included both the exchange of further bids and offers, which were frequently accompanied by exchanges of supplemental mediation letter-briefs addressing in greater detail particular points (and counterpoints) relating to issues of both liability and damages that, at various times, had become the focus of contention during the mediation process. Accordingly, it was only after months of additional negotiations, on November 27, 2017, that the Parties (with the assistance of the Mediator) were able to reach an agreement in principle to settle and release all claims asserted against Defendants for a payment of $19,500,000 for the benefit of the Settlement Class. A written term sheet memorializing these and other terms of the parties' agreement was signed on December 14, 2017.

24. On February 8, 2018, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the final and complete terms and conditions of the Settlement (and supersedes the December 2017 term sheet). The Stipulation can be viewed at www.InsuletSecuritiesLitigation.com.

25. On _____________, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

26. If you are a member of the Settlement Class you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All Persons who purchased Insulet common stock during the period commencing on May 7, 2013 through April 30, 2015, inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants and any parent, subsidiary or affiliate of Insulet; (ii) the officers and directors of Insulet and its affiliates, currently and during the Settlement Class Period; (iii) Immediate Family Members of any Individual Defendant; (iv) any

entity in which any Defendant has or had during the Settlement Class Period a controlling interest; and (v) the legal representatives, heirs, successors or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those persons and entities who exclude themselves by submitting a request for exclusion from the Settlement Class in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page __ below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES *NOT* MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU MUST SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE -- TOGETHER WITH THE REQUIRED SUPPORTING DOCUMENTATION AS DESCRIBED IN THAT FORM -- TO THE CLAIMS ADMINISTRATOR SO THAT IT IS POSTMARKED NO LATER THAN _____________, 2018.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

27. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, that continuing the litigation through trial and likely appeals would be expensive and potentially take additional years to resolve, and would involve the very substantial risk that Lead Plaintiffs would be unable to establish that Defendants were liable, or that Defendants (even if they were liable) had caused the Settlement Class to suffer legally recoverable damages. For example, Defendants would argue that they did not make any false or misleading statements about the Eros launch, asserting that the underlying demand for the Eros increased and any manufacturing issues were resolved and not out of the ordinary. Defendants would also contend that they did not act with any *scienter* or intent to defraud, pointing to, among other things, their Settlement Class Period disclosures regarding Insulet's difficulties with the Eros launch, including certain manufacturing and capacity issues. Finally, Defendants would contend that Lead Plaintiffs cannot establish that the alleged misstatements caused any damages to members of the class because the negative disclosures resulting in drops in Insulet's stock price do not relate to Defendants' alleged misrepresentations and there are no damages associated with other negative disclosures. Moreover, Lead Plaintiffs would have to prevail at several stages, including at class certification, at summary judgment and at trial, and even if they prevailed at those stages Lead Plaintiffs would still have faced the risks of having to prevail on the appeals that would likely follow any successful result at trial. Thus, continued prosecution of the Action would involve significant risks and potentially years of further litigation.

28. In light of these risks, the size of the proposed Settlement and the benefits of an immediate recovery for the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. In sum, Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $19,500,000 in cash (less the deductions described in this Notice), as compared to the risk that further litigation, which could last years

into the future, would ultimately produce a smaller recovery (or no recovery at all) after summary judgment, trial and appeals.

29.   Defendants deny the claims asserted against them and deny having engaged in any wrongdoing or violation of law of any kind.  Defendants state that they have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement does not constitute an admission and may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants succeeded in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could well recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page __ below.

32.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page __ below.

33.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and if you do not exclude yourself from the Settlement Class, you may submit your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page __ below.

34.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether any such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a

Claim Form, any distribution from the Settlement Fund, will have fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims (as defined in ¶ 35 below) against the Released Defendant Persons (as defined in ¶ 36 below), and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons; provided, however, that nothing therein shall bar any action or claim to enforce the terms of the Settlement or the Judgment.

35.   "Released Plaintiffs' Claims" means all claims, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, including Unknown Claims, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint or any other complaints previously filed in the Litigation, or (b) could have asserted in any forum that arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any other complaints previously filed in the Litigation, and that relate to the purchase of Insulet common stock during the Settlement Class Period.  Notwithstanding any other language herein to the contrary, Released Plaintiffs' Claims shall not include any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto, or any claims asserted at the time the Stipulation was executed in any shareholder derivative complaint, including *Walker v. DeSisto, et al.*, Civ. A. No. 17-19738-MLW (D. Mass.) and *Carnazza v. DeSisto, et al.*, Civ. A. No. 17-11977-MLW (D. Mass.).

36.   "Released Defendant Person(s)" means each and all of the Defendants, any past defendants in the Litigation, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

37.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment, shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542. Lead Plaintiffs, Defendants, and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38. The Judgment will also provide that, upon the Effective Date of the Settlement, each of the Defendants, and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, will have fully, finally and forever released, relinquished, and discharged all Released Defendants' Claims (as defined in ¶ 39 below) against the Released Plaintiff Persons (as defined in ¶ 40 below), and shall have covenanted not to sue the Released Plaintiff Persons with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons; provided, however, that nothing therein shall bar any action or claim to enforce the terms of the Settlement or the Judgment.

39. "Released Defendants' Claims" means any and all claims, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, including Unknown Claims, arising out of, relating to, or in connection with, the institution, prosecution, or settlement of the Litigation or the Released Plaintiffs' Claims. Notwithstanding any other language herein to the contrary, Released Defendants' Claims shall not include any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto

40. "Released Plaintiff Person(s)" means each and all of the Lead Plaintiffs, Plaintiffs' Counsel, all Settlement Class Members, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors,

principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

41. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with all required information identified in the instructions to the Claim Form (including adequate supporting documentation) **postmarked no later than _____________, 2018**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.InsuletSecutitiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 844-327-3154. Please retain all records of your ownership of and transactions in Insulet common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

43. Pursuant to the Settlement, Insulet, on behalf of all Defendants, has agreed to pay or cause to be paid nineteen million five hundred thousand dollars ($19,500,000) in cash into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and related tax preparation costs (including expenses of tax attorneys and accountants); (b) the costs and expenses related to providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any award by the Court to Plaintiffs' Counsel of attorneys' fees and expenses with interest thereon; and (d) any award to Lead Plaintiffs for their reasonable costs and expenses) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the Plan of Allocation or such other plan of allocation as the Court may approve.

44. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

45. Neither Defendants nor any other person or entity that pays any portion of the Settlement Amount on their behalf will be entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or any plan of allocation.

46. Approval of the Settlement is separate from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____________, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member will release all of their Released Plaintiffs' Claims (as defined in ¶ 35 above) against the Released Defendant Persons (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any Released Plaintiffs' Claims against any of the Released Defendant Persons regardless of whether such Settlement Class Member submits a Claim Form.

48. Participants in and beneficiaries of any Insulet employee retirement and/or benefit plan ("Insulet Employee Plan") should NOT include any information relating to any Insulet common stock purchased, acquired or held through a Insulet Employee Plan in any Claim Form that they submit in this Action. Claims based on any Insulet Employee Plan's purchases of Insulet common stock during the Settlement Class Period may be made by the trustees of such Plan. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Insulet Employee Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Plan.

49. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

50. Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that request to exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

51. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

52. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of Insulet common stock that was allegedly proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by the alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered the price changes in Insulet common stock that occurred on (a) January 8, 2015, (b) January 15, 2015, (c) February 27, 2015, (d) March 31, 2015, and (e) May 1, 2015 following public announcements that Lead Plaintiffs alleged revealed the truth concerning Defendants' alleged misrepresentations and

material omissions, adjusting for price changes on those days that were attributable to market or industry forces. Because Defendants had certain additional arguments that challenged Lead Plaintiffs' ability to establish loss causation with respect to price declines that occurred on the dates identified above as (c)-(e), which additional arguments did not exist with respect disclosures (a)-(b), the amount of estimated inflation deemed to have been dissipated on dates caused by disclosures (c)-(e) was then discounted by 50% to reflect the higher degree of risk associated with proving loss causation with those latter disclosures.

53. In order to have recoverable damages under the claims asserted in this litigation, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Insulet common stock. Lead Plaintiffs alleged that corrective disclosures removed artificial inflation from the price of Insulet common stock on January 8, 2015, January 15, 2015, February 27, 2015, March 31, 2015, and May 1, 2015. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation:

(a) Insulet common stock purchased from May 7, 2013 through and including January 7, 2015 must have been held at least through the close of trading on January 7, 2015, the day of the first alleged corrective disclosure, and must have resulted in a loss.

(b) Insulet common stock purchased from January 8, 2015 through April 30, 2015 must have been held through at least the close of trading on the day prior to the next date on which one of the alleged corrective disclosures allegedly removed artificial inflation from the price of Insulet common stock (e.g., shares purchased on January 8, 2015 must have been held at least through the close of trading on January 14, 2015), and must have resulted in a loss.

54. To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

55. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase of Insulet common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

56. For each such share of Insulet common stock purchased from May 7, 2013 through April 30, 2015, inclusive, and:

(a) sold on or before January 7, 2015, the Recognized Loss Amount is $0;

(b) sold from January 8, 2015 through April 30, 2015, the Recognized Loss Amount is ***the lesser of***: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase *minus* the amount of artificial inflation per share as set forth in Table A on the date of the sale; or (ii) the purchase price *minus* the sale price.

(c)     sold from May 1, 2015 through July 29, 2015, inclusive, the Recognized Loss Amount is ***the least of***: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between May 1, 2015 and the date of sale as shown on Table B set forth at the end of this Notice.

(d)     held as of the close of trading on July 29, 2015, the Recognized Loss Amount is ***the lesser of***: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; or (ii) the purchase price *minus* $29.59 per share, the average closing price for Insulet common stock between May 1, 2015 and July 29, 2015 (the last entry on Table B).

## ADDITIONAL PROVISIONS

57.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 60 below) is $10.00 or greater.

58.     If a Settlement Class Member has more than one purchase or sale of Insulet common stock, all purchases and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.  The only shares that are eligible for recovery and for which a Recognized Loss Amount will be calculated are those purchased during the Settlement Class Period.  Gains or losses on sales of shares held as of the start of the Settlement Class Period are not factored into the calculation of the Recognized Loss Amounts.

59.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all purchases of Insulet common stock during the Settlement Class Period.

60.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

61.     Purchases and sales of Insulet common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Insulet common stock during the Settlement Class Period shall not be deemed a purchase or sale of Insulet common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of any Insulet common stock unless (i) the donor or decedent purchased the shares during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

62.     The date of covering a "short sale" is deemed to be the date of purchase of the Insulet common stock.  The date of a "short sale" is deemed to be the date of sale of the Insulet common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Insulet common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

63.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Insulet common stock purchased or sold through the exercise of an option, the purchase/sale date of the Insulet common stock is the exercise date of the option and the purchase/sale price of the Insulet common stock is the exercise price of the option.

64.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

65.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[2] and (ii) the sum of the Total Sales Proceeds[3] and Holding Value.[4]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Insulet common stock during the Settlement Class Period.

66.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such

---

[2] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Insulet common stock purchased during the Settlement Class Period.

[3] The Claims Administrator shall match any sales of Insulet common stock during the Settlement Class Period, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting commissions and other charges) for the remaining sales of Insulet common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds".

[4] The Claims Administrator shall ascribe a Holding Value to the shares of Insulet common stock purchased during the Settlement Class Period and still held as of the close of trading on April 30, 2015, which shall be $26.97 per share, the May 1, 2015 closing price.

additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

67.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Released Persons, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

68.   The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.InsuletSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

69.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for any of their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intend to apply for reimbursement of litigation expenses in an amount not to exceed $600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of litigation expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

70.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless they mail or deliver a written Request for

Exclusion from the Settlement Class, addressed to *Insulet Corp. Securities Litigation*, EXCLUSIONS, c/o Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007. The exclusion request must be ***received*** **no later than _____________, 2018**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Insulet Corp. Securities Litigation*, Case No. 15-12345"; (c) state the number of shares of Insulet common stock that the person or entity requesting exclusion (i) owned as of the opening of trading on May 7, 2013, and (ii) purchased and/or sold during the Settlement Class Period (*i.e.*, May 7, 2013 through and including April 30, 2015), as well as the number of shares, dates and prices for each such purchase and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. If you request exclusion, you may also be required to provide copies of documentation of your holdings and transactions in Insulet common stock if requested by Lead Counsel or the Claims Administrator. A Request for Exclusion shall not be valid and effective unless it provides all the information required under this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

71. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Persons.

72. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

73. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Insulet.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

74. **Settlement Class Members do not need to attend the Settlement Hearing.** The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.

75. The Settlement Hearing will be held on _____________, 2018 at __:__ _.m., before the Honorable Mark L. Wolf at the United States District Court for the District of Massachusetts, Courtroom 10 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, MA 02210. More detailed papers in support of Lead Plaintiffs' motion for final approval of the Settlement and approval of the Plan of Allocation and Lead Counsel's motion for fees and reimbursement of litigation expenses will be filed with the Court on ___________, 2018 and will be made available thereafter on www.InsuletSecuritiesLitigation.com. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and/or any other matter

related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

76. Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the Court at the address set forth below on or before _____________, 2018. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____________, 2018**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| The Clerk of the Court<br>U.S. District Court<br>United States Courthouse<br>1 Courthouse Way<br>Boston, MA 02210 | **Bernstein Litowitz Berger & Grossmann LLP**<br>James A. Harrod, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br><br>**Scott+Scott Attorneys at Law, LLP**<br>William C. Fredericks, Esq.<br>230 Park Avenue, 17th Floor<br>New York, NY 10169 | **Goodwin Procter LLP**<br>Caroline H. Bullerjahn, Esq.<br>100 Northern Avenue<br>Boston, MA 02210 |

77. Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Insulet common stock that the objector (i) owned as of the opening of trading on May 7, 2013, and (ii) purchased and/or sold during the Settlement Class Period (*i.e.*, from May 7, 2013 through April 30, 2015, inclusive), as well as the number of shares, dates and prices for each such purchase and sale. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

78. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

79. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on

Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before _____________, 2018**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

80. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 76 above so that the notice is ***received*** **on or before _____________, 2018**.

81. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

82. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses.** Settlement Class Members do ***not*** need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

83. If you purchased Insulet common stock from May 7, 2013 through April 30, 2015, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Insulet Corp. Securities Litigation*, c/o Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.InsuletSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 844-327-3154.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

84. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the District of Massachusetts, John Joseph

Moakley United States Courthouse, 1 Courthouse Way, Boston, MA 02210. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.InsuletSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Insulet Corp. Securities Litigation*
c/o Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

844-327-3154
www.InsuletSecuritiesLitigation.com

James A. Harrod, Esq.
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
800-380-8496
blbg@blbglaw.com

and/or

William C. Fredericks, Esq.
SCOTT+SCOTT ATTORNEYS AT LAW, LLP
230 Park Avenue, 17th Floor
New York, NY 10169
800-404-7770
scottcases@scott-scott.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: __________, 2018

By Order of the Court
United States District Court
District of Massachusetts

**TABLE A**

**Estimated Artificial Inflation in
Insulet Common Stock from May 7, 2013 through May 1, 2015**

| Date(s) | Artificial Inflation |
|---|---|
| May 7, 2013 through January 7, 2015 | $12.99 |
| January 8, 2015 through January 14, 2015 | $8.23 |
| January 15, 2015 through February 26, 2015 | $2.34 |
| February 27, 2015 through March 30, 2015 | $1.88 |
| March 31, 2015 through April 30, 2015 | $1.725 |
| May 1, 2015 and later | $0.00 |

**TABLE B**

**Closing Price and Average Closing Price of Insulet Common Stock from May 1, 2015 through July 29, 2015**

| Date | Closing Price | Average Closing Price Between May 1, 2015 and Date Shown |
|---|---|---|
| 5/1/2015 | $26.97 | $26.97 |
| 5/4/2015 | $27.25 | $27.11 |
| 5/5/2015 | $26.41 | $26.88 |
| 5/6/2015 | $26.23 | $26.72 |
| 5/7/2015 | $26.69 | $26.71 |
| 5/8/2015 | $27.16 | $26.79 |
| 5/11/2015 | $26.30 | $26.72 |
| 5/12/2015 | $26.65 | $26.71 |
| 5/13/2015 | $27.37 | $26.78 |
| 5/14/2015 | $27.25 | $26.83 |
| 5/15/2015 | $27.01 | $26.84 |
| 5/18/2015 | $27.85 | $26.93 |
| 5/19/2015 | $28.55 | $27.05 |
| 5/20/2015 | $28.63 | $27.17 |
| 5/21/2015 | $28.52 | $27.26 |
| 5/22/2015 | $28.12 | $27.31 |
| 5/26/2015 | $27.71 | $27.33 |
| 5/27/2015 | $28.06 | $27.37 |
| 5/28/2015 | $27.35 | $27.37 |
| 5/29/2015 | $28.27 | $27.42 |
| 6/1/2015 | $29.02 | $27.49 |
| 6/2/2015 | $29.13 | $27.57 |
| 6/3/2015 | $29.34 | $27.65 |
| 6/4/2015 | $29.27 | $27.71 |
| 6/5/2015 | $29.51 | $27.78 |
| 6/8/2015 | $30.01 | $27.87 |
| 6/9/2015 | $29.82 | $27.94 |
| 6/10/2015 | $30.25 | $28.03 |
| 6/11/2015 | $30.32 | $28.10 |
| 6/12/2015 | $29.91 | $28.16 |
| 6/15/2015 | $30.10 | $28.23 |

| Date | Closing Price | Average Closing Price Between May 1, 2015 and Date Shown |
|---|---|---|
| 6/16/2015 | $30.23 | $28.29 |
| 6/17/2015 | $30.48 | $28.36 |
| 6/18/2015 | $31.31 | $28.44 |
| 6/19/2015 | $31.09 | $28.52 |
| 6/22/2015 | $31.12 | $28.59 |
| 6/23/2015 | $31.04 | $28.66 |
| 6/24/2015 | $30.93 | $28.72 |
| 6/25/2015 | $31.36 | $28.78 |
| 6/26/2015 | $31.85 | $28.86 |
| 6/29/2015 | $30.98 | $28.91 |
| 6/30/2015 | $30.99 | $28.96 |
| 7/1/2015 | $30.02 | $28.99 |
| 7/2/2015 | $29.78 | $29.00 |
| 7/6/2015 | $29.70 | $29.02 |
| 7/7/2015 | $30.27 | $29.05 |
| 7/8/2015 | $29.67 | $29.06 |
| 7/9/2015 | $30.50 | $29.09 |
| 7/10/2015 | $31.26 | $29.13 |
| 7/13/2015 | $32.14 | $29.20 |
| 7/14/2015 | $31.83 | $29.25 |
| 7/15/2015 | $31.46 | $29.29 |
| 7/16/2015 | $31.45 | $29.33 |
| 7/17/2015 | $31.49 | $29.37 |
| 7/20/2015 | $31.51 | $29.41 |
| 7/21/2015 | $31.60 | $29.45 |
| 7/22/2015 | $31.97 | $29.49 |
| 7/23/2015 | $31.56 | $29.53 |
| 7/24/2015 | $30.59 | $29.55 |
| 7/27/2015 | $29.87 | $29.55 |
| 7/28/2015 | $30.62 | $29.57 |
| 7/29/2015 | $30.82 | $29.59 |