| | |
|---|---|
| **BERNSTEIN LITOWIZ BERGER & GROSSMANN LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |

April 22, 2019

<u>VIA ECF AND FEDEX</u>

The Honorable Mark L. Wolf
United States District Judge
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

      Re:    *Arkansas Teacher Retirement System, et al. v. Insulet Corporation, et al.*,
               <u>Civ. A. No. 15-12345 (MLW) (D. Mass.)</u>

Dear Judge Wolf:

      We represent Lead Plaintiffs Arkansas Teacher Retirement System, the City of Bristol Pension Fund, and the City of Omaha Police and Fire Retirement System (collectively, "Lead Plaintiffs"), in the above-captioned securities class action (the "Action").

      Your Honor granted Lead Plaintiffs' motion for final approval of the $19.5 million Settlement of the Action on August 6, 2018. (ECF No. 138).  The Claims Administrator has now completed the processing of Settlement Class Members' Claims.  Lead Plaintiffs have therefore filed a motion (the "Distribution Motion") to approve the distribution of Settlement proceeds to those Claimants whose Claims have been approved for payment ("Authorized Claimants").

      We enclose courtesy copies of the following documents in support of the Distribution Motion, which were filed and served today on counsel of record via the Court's ECF system:

      (i)     Lead Plaintiffs' Motion for Approval of Distribution Plan;

      (ii)    [Proposed] Order Approving Distribution Plan (the "Distribution Order");

      (iii)   Memorandum in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (the "Memorandum"); and

      (iv)   Declaration of Michelle Kopperud in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan ("Kopperud Decl.") and the exhibits thereto.

The Honorable Mark L. Wolf
April 22, 2019
Page 2

      Importantly, and as discussed in the Memorandum, before any distribution of the Settlement Fund can occur the Settlement's "Effective Date" must occur, which in turn requires (a) that the Court also enter the [proposed] Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice (the "Judgment," previously submitted at ECF No. 130-1), or a different alternative judgment acceptable to the Settling Parties ("Alternative Judgment"), and (b) that the Judgment (or any Alternative Judgment) has become Final and no longer subject to appeal.  Although the Court granted final approval of the Settlement last August (*see* ECF No. 138), the Judgment has not yet been entered.  Thus, distribution of funds to Authorized Claimants cannot occur until after both (1) the Judgment (or Alternative Judgment), has been entered and becomes Final, and (2) the proposed Distribution Order (or comparable order) is entered.  For the Court's convenience, an extra copy of the proposed Judgment (ECF No. 130-1) is enclosed.

      We also note that last August the Court reserved decision on Lead Counsel's motion for an award of attorneys' fees and expenses (including their request for separate awards to each Lead Plaintiff to compensate them for employee time they spent in prosecuting this case).  That motion, with supporting papers (*see* ECF Nos. 127-31 & 139-40), including supplemental filings made at the Court's request after the August 2018 Final Approval Hearing,[1] is fully submitted – but does not need to be decided before the Settlement Fund can be distributed to Authorized Claimants.

      To permit prompt distribution of the Settlement Fund, Lead Plaintiffs propose that the total amount requested in Lead Counsel's Fee and Expense Application be retained in escrow (and under the jurisdiction of the Court), but that the remainder of the Settlement Fund (after deducting taxes, escrow fees, and approved Claims Administrator fees and expenses) be distributed to Authorized Claimants promptly after the Settlement's "Effective Date" occurs.  *See also* Memorandum at 3.  If the Court ultimately awards attorneys' fees and expenses in an amount less than that requested in Lead Counsel's Fee and Expense Application, the difference will be distributed to Authorized Claimants in a second distribution that will occur nine months after the initial distribution.  Indeed, the Stipulation of Settlement and Plan of Allocation approved by the Court already contain provisions for making a second distribution (*see* ECF No. 110 at ¶ 4.5(d) and 129-1 at p. 22), and as set forth more fully in the Memorandum and Kopperud Declaration, there are almost always sufficient uncashed or undeliverable checks from initial distributions to justify making a second distribution in cases of this size.

      Under the Settlement, Defendants have no role in administering the Settlement Fund, processing Claims, or distributing the Net Settlement Fund (*see* ECF No. 110 at ¶¶ 4.1, 4.6), and thus have no interest in the relief sought by the Distribution Motion.  Moreover, no Claimant has sought judicial review of any of the Claims Administrator's determinations.

      Accordingly, Lead Plaintiffs respectfully submit that the Distribution Motion is ripe for determination, and that the Court should now enter both (1) the proposed Judgment and (2) the proposed Distribution Order.

---

[1] *See* Letter from James A. Harrod (ECF No. 140) and the Supplemental Affidavit of Rod Graves (ECF No. 139).

The Honorable Mark L. Wolf
April 22, 2019
Page 3

                            Respectfully submitted,

                            */s/   James A. Harrod*

                           James A. Harrod
                           BERNSTEIN LITOWIZ BERGER &
                            GROSSMANN LLP

                            */s/   William C. Fredericks*

                           William C. Fredericks
                           SCOTT+SCOTT ATTORNEYS AT LAW LLP

                           *CO-LEAD COUNSEL FOR THE CLASS*

Enclosures