UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, THE CITY OF BRISTOL PENSION FUND, and THE CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSULET CORPORATION, DUANE DESISTO, ALLISON DORVAL, BRIAN ROBERTS, and CHARLES LIAMOS,<br><br>Defendants. | Civil Action No. 15-12345-MLW<br><br>FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

WHEREAS, a class action is pending in this Court entitled *Arkansas Teacher Retirement Sys. et al. v. Insulet Corp., et al.*, Case No. 1:15-cv-12345-MLW (the "Litigation");

WHEREAS, (a) Lead Plaintiffs Arkansas Teacher Retirement System, the City of Bristol Pension Fund, and the City of Omaha Police & Fire Retirement System, on behalf of themselves and the Settlement Class (defined below), and (b) defendant Insulet Corporation ("Insulet"), and defendants Duane DeSisto, Allison Dorval, Brian Roberts and Charles Liamos (collectively, the "Individual Defendants," and together Insulet, "Defendants," and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation of Settlement dated February 8, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Released Plaintiffs' Claims on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated April 6, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on August 2, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Litigation, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 9, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 1, 2018.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Litigation as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons who purchased Insulet common stock during the Settlement Class Period and were damaged thereby. Excluded from the Settlement Class are: (a) Defendants and any parent, subsidiary or affiliate of Insulet; (b) the officers and directors of Insulet and its affiliates, currently and during the Settlement Class Period; (c) Immediate Family Members of any Individual Defendant; (d) any entity in which any Defendant has or had during the Settlement Class Period a controlling interest; and (e) the legal representatives, heirs, successors or assigns of any such excluded person or entity.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of

(i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Litigation and all of the claims asserted against Defendants in the Litigation by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases** – The releases set forth in paragraphs 3.1 and 3.2 of the Stipulation, together with the definitions contained in Section IV.1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) In accordance with Paragraph 1.35 of the Stipulation, for purposes of this Judgment, the term "Released Plaintiffs' Claims" shall mean: any and all claims, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, including Unknown Claims, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint or any other complaints previously filed in the Litigation, or (b) could have asserted in any forum that arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any other complaints previously filed in the Litigation, and that relate to the purchase of Insulet common stock during the Settlement Class Period; provided, however, that Released Plaintiffs' Claims shall not include any claims to enforce the terms of the Settlement or this Judgment, or any claims currently asserted in any shareholder derivative complaint, including *Walker v. DeSisto, et al.*, Civ. A. No. 17-19738-MLW (D. Mass.) and *Carnazza v. DeSisto, et al.*, Civ. A. No. 17-11977-MLW (D. Mass.).

5

(b) In accordance with Paragraph 1.32 of the Stipulation, for purposes of this Judgment, the term "Released Defendants' Claims" shall mean: any and all claims, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, including Unknown Claims, arising out of, relating to, or in connection with, the institution, prosecution, or settlement of the Litigation or the Released Plaintiffs' Claims; provided, however, that Released Defendants' Claims shall not include any claims to enforce the terms of the Settlement or this Judgment.

(c) In accordance with Paragraph 1.33 of the Stipulation, for purposes of this Judgment, the term "Released Defendant Person(s)" shall mean: each and all of the Defendants, any past defendants in the Litigation, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

(d) In accordance with Paragraph 1.36 of the Stipulation, for purposes of this Judgment, the term "Released Plaintiff Person(s)" shall mean: each and all of the Lead Plaintiffs, Plaintiffs' Counsel, all Settlement Class Members, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers,

6

underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

(e) Without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether any such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Claim Form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Persons and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or this Judgment or any claims currently asserted in any shareholder derivative complaint, including *Walker v. DeSisto, et al.*, Civ. A. No. 17-19738-MLW (D. Mass.) and *Carnazza v. DeSisto, et al.*, Civ. A. No. 17-11977-MLW (D. Mass.).

(f) Without further action by anyone, upon the Effective Date of the Settlement, each of the Defendants, and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Persons and shall have covenanted not to sue the Released Plaintiff Persons with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or this Judgment.

10. ~~**Rule 11 Findings** – The Court finds and concludes that the Parties and their~~ respective counsel have complied in all respects with ~~the requirements of~~ Rule 11 of the Federal ~~Rules of Civil Procedure as to all proceedings herein.~~ *[MLW 6/25/21]*

11. **No Admissions** – This Judgment, the Stipulation, and any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation or the Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) shall not be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Defendant Persons; (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released

8

Defendant Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) shall not be deemed to be or used as an admission of, or evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and (d) shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Released Persons and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

12. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or litigation expenses by Lead Counsel in the Litigation or for Lead Plaintiffs' Cost and Expense Award, which will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Distribution Order; and (f) the Settlement Class Members for all matters relating to the Litigation.

13. Separate orders shall be entered regarding approval of the Plan of Allocation and the motion of Lead Counsel for the Fee and Expense Award and the Lead Plaintiffs' Cost and Expense Award. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, Paragraph 6.3 of the Stipulation shall govern, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Litigation as of December 14, 2017, as provided in the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Litigation. Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Litigation.

SO ORDERED this 25th day of June, ~~2018~~ 2021 mlw

_____
The Honorable Mark L. Wolf
United States District Judge